ALEXIS GALINDO, SBN 136643
  E:Mail: agalindo@cgsattys.com
MAXIMILIANO GALINDO, SBN 328187
  E:Mail: mgalindo@cgsattys.com
CURD, GALINDO & SMITH, LLP
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178
www.cgsattys.com

Attorneys for Plaintiffs
VERONICA M. PORTILLO, Individually and as Successor in Interest;
KEVIN SAUL REYES PORTILLO, Deceased, through his successor in interest,
VERONICA M. PORTILLO; L.R.P., a Minor, through her guardian ad litem,
VERONICA M. PORTILLO; ROSA PORTILLO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA M. PORTILLO, Individually and as Successor in Interest; KEVIN SAUL REYES PORTILLO, Deceased, through his successor in interest, VERONICA M. PORTILLO; L.R.P., a Minor, through her guardian ad litem, VERONICA M. PORTILLO and ROSA PORTILLO. <br><br> Plaintiff, <br><br> v. <br><br> CITY OF FONTANA a public entity; OFFICER SAL GONZALEZ #1515, CHIEF MICHAEL DORSEY, DOES 1 through 10, Jointly and Severally, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES,** <br><br> 1.  Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983) <br> 2.  Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983) <br> 3.  Due Process—Interference with Familial Relationship (42 U.S.C. § 1983) <br> 4.  Municipal and Supervisorial Liability (42 U.S.C. § 1983) <br> 5.  Battery <br> 6.  Negligence <br> 7.  False Arrest/False Imprisonment <br> 8.  Violation of Bane Act (CAL. CIV. CODE § 52.1) <br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through their attorneys CURD, GALINDO & SMITH LLP, for their Complaint against Defendants, state as follows:

## JURISDICTION AND VENUE

1.      This is a civil rights wrongful death/survival action arising from Defendants' wrongful shooting, use of excessive force and negligence, resulting in the death of Kevin Saul Reyes Portillo, Deceased, on May 25, 2025, in Fontana, COUNTY OF SAN BERNARDINO, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

Venue is proper in this Court under 28 USC §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernadino, which is in the Central District of California.

## PARTIES AND PROCEDURE

2.      Plaintiff VERONICA MARIE PORTILLO brings these claims individually as wife and Successor in Interest for her husband, Kevin Saul Reyes Portillo, Deceased, and as Guardian ad Litem for L.R.P., a minor, also as Successor

in Interest for Decedent.  VERONICA MARIE PORTILLO and L.R.P. are residents of County of San Bernardino, California and are entitled to bring these claims individually pursuant to California Code of Civil Procedure §§ 377.30 et seq., 377.60, and federal civil rights law. Attached hereto as **Exhibit A,**  is the Statement of Compliance with CCP §§ 377.32.

3.      Plaintiff L.R.P., a minor is the  child of decedent, KEVIN SAUL REYES PORTILLO.  Plaintiff, L.R.P. brings these claims individually, and as Successor in Interest for Decedent. through VERONICA MARIE PORTILLO pursuant to C.C.P. § 377.60 and federal civil rights law.

4.      Plaintiff ROSA PORTILLO is the biological mother of Decedent who was receiving economic support from Decedent

5.      Plaintiffs, VERONICA MARIE PORTILLO and L.R.P. herein bring these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions.  These claims are also brought individually and on behalf of Kevin Saul Reyes Portillo, Deceased, on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

6.      Defendant CITY OF FONTANA  is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the CITY OF FONTANA  POLICE DEPARTMENT ("FPD") which employs other defendants in this action.

7.      Defendants Police Officers DOE 1 through DOE 10 at all material times were employed as law enforcement officers by Defendant CITY OF FONTANA , and were acting within the course and scope of that employment.  Defendants DOE 1 through DOE 10 are being sued in his/her individual capacity.

8.      Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

9.      Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

10.    The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the CITY OF FONTANA POLICE DEPARTMENT.

11.    At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

12.    This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

## FACTS COMMON TO ALL CLAIMS

13.    Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.

14.    In the early morning hours of Sunday, May 25, 2025, KEVIN SAUL REYES PORTILLO, a son, a husband, a father and resident of 9151 Date Street, Unit 17, in Fontana, California, was fatally shot by Fontana police officers who responded to his residence after having received a 911 dispatch call regarding a possible "domestic dispute/break-in."

15.    A neighbor, Dylan Smiderle who had recently moved into apartment No. 18, reported to Fontana PD 911 dispatch that he had heard a dispute and loud voices coming from apartment 17.  He heard children crying and two women arguing with a male. Mr. Smiderle recorded a voice recording of children screaming which occurred at some point after 12:00 a.m., but closer to the twelve-o-clock hour. The  recording was made with his cell phone, and provided to Fontana Police. The 911 caller

reported that the male residing at apt 17 left the apartment at 12:30 am and the two women and children also left the apartment and for about 20-30 minutes the apartment was quiet.  At approximately 12:45 am a male subject returned and knocked on the front door of apartment No. 17, but there was no response. The 911 caller reported that the male subject walked around the downstairs' apartment and climbed up the balcony of apt 17 and entered the apartment through the balcony. This is when the 911 call was initiated.  Dylan Smiderle, the 911 caller, reported that the male was wearing shorts and a shirt what appeared to be "pajama" type clothing. The 911 caller told 911 Fontana PD dispatch that the male subject did not appear to have any weapons.  The 911 caller made the call as he thought the male subject was breaking into the empty apartment.

16.    The 911 caller remained on the line with the 911 operator as the Fontana PD officers arrived.  The 911 caller reported to the 911 dispatch that the officers arrived.  The 911 caller observed one officer approach apt. 17 by climbing the stairs towards the front door. The officer approaching apt 17 (Officer Sal Gonzalez III, # 1515) did not initially announce himself nor did the other officers announce themselves.  The one officer (Officer Sal Gonzalez III, # 1515) that walked up the stairs to the front door of apartment No. 17 knocked twice on the front door but did not announce himself as Fontana Police.  On the third knock Officer Sal Gonzalez III, # 1515 did announce himself as Fontana Police and the door opened and immediately

Officer Sal Gonzalez III, # 1515 and Officers Does 1-5, fired 6-7 shots striking Kevin Saul Reyes Portillo.

17.    At the scene Fontana Police officers dragged Kevin Saul Reyes Portillo down the stairs and commenced CPR and AMR medical transport arrived.  The officers were heard stating that they should not have let trainee Officer Sal Gonzalez III, # 1515 approach the front door. Officer Sal Gonzalez entered the academy on September 23, 2024 and completed the academy on March 6, 2025.

18.    KEVIN SAUL REYES PORTILLO was shot 6-7  times by Officer Sal Gonzalez III, # 1515 and Fontana police officers, DOES  1- 5, and was transported to Kaiser Hospital where Berniece Chen, O.D. and Joshi, M.D. pronounced him dead. The cause was cardiac arrest due to the gunshot wounds.  Autopsy revealed all gunshots were 9mm. San Bernardino County Sheriff investigated the shooting and filed a report DR No. 602500039. There was no evidence of a weapon or return fire at the scene.

19.    The Plaintiffs contend that Defendants, Police chief Michael Dorsey, Officer Sal Gonzalez #1515, Fontana PD Officers Does 1-10 and others, while in the course and scope of their employment as police officers for the City of Fontana, acted with excessive force when they shot and killed KEVIN SAUL REYES PORTILLO. Officer Sal Gonzalez #1515, Police chief Michael Dorsey and Officers' DOES 1 through 10 and others employed by the Fontana Police Department, acts were

unreasonable and unjustified in light of all the facts and circumstances confronting them on the morning of May 25, 2025.

20.    The City of Fontana and its employees, including Officer Gonzalez #1515,  Police chief Michael Dorsey and Officers DOES 1- 10 violated the Claimants' civil rights and constitutional rights including unlawful search and seizure.

21.    Decedent, KEVIN SAUL REYES PORTILLO, was the husband of Plaintiff VERONICA M. PORTILLO, the father of L.R.P., a Minor and biological son of mother ROSA PORTILLO.

22.    On May 25, 2025, KEVIN SAUL REYES PORTILLO was in his own home minding his own business when police officers, Officer Sal Gonzalez #1515 and Officers DOES 1- 5 approached his front door unannounced. Decedent, KEVIN SAUL REYES PORTILLO, heard noises at his front door and opened the door, Officer Sal Gonzalez #1515 and Officers DOES 1- 10, without warning or notification opened fire striking Decedent, KEVIN SAUL REYES PORTILLO, six-seven times with gunshot wounds.

23.    Plaintiffs are informed and believe and thereon allege that the City of Fontana and its employees, including Chief Michael Dorsey, Officer Gonzalez #1515 and Officers DOES 1 through 10, discriminated against decedent because of his race. Amongst other things, the City of Fontana failed to provide proper and reasonable training to Fontana Police Department officers regarding the manner of detaining

individuals at their home. Claimants further allege that there were improper procedures, policies or training of officers regarding the approach and identification of the officers when approaching the dwelling.

24.    The City of Fontana knowingly and deliberately fostered, maintained and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as KEVIN SAUL REYES PORTILLO and that such policy, practice, custom and/or actions were a direct and legal cause of his death. The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding both the use of force, including deadly force, and the proper procedures to be followed in detaining individuals while in their personal residence.

25.    At the time of the violence inflicted on decedent, KEVIN SAUL REYES PORTILLO by Officer Sal Gonzalez #1515 and Officers DOES 1 through 10, the City of Fontana Police Department had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, use violence against individuals being detained, specifically Hispanics and members of other minority groups. Said policies, procedures, customs and practices also called for the City of Fontana not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of

unjustified shootings and violent acts by said officers or the related claims and lawsuits resulting from such violence.

26.    Said policies, procedures, customs and practices called for the refusal of the City of Fontana to investigate or document complaints of previous incidents of unjustified shootings and violence and, instead, officially claim that such incidents were justified and proper.

27.    The City of Fontana' policies, procedures, customs and practices of inaction and cover-up encouraged officers of Fontana Police Department, including Officer Sal Gonzalez #1515 and Officers DOES 1 through 10, to believe that unjustified shootings, violence, and deadly force against individuals being detained was permissible, in particular against individuals of minority groups.

28.    At all material times, KEVIN SAUL REYES PORTILLO behaved lawfully and peacefully.  The use of deadly force, including the gunshots described herein, was not justified or lawful under the circumstances.

29.    Alternatively, or concurrently, Defendants Sal Gonzalez #1515, Fontana Police Officers' DOES 1 through 10 exercised excessive and unreasonable actions which created a risk of harm to KEVIN SAUL REYES PORTILLO, and created the situation in which Defendants Sal Gonzalez #1515 and Fontana Police Officers DOES 1 through 10  decided to use deadly force, and caused an escalation of events leading to the shooting death of KEVIN SAUL REYES PORTILLO.

30.    Defendants Sal Gonzalez #1515, Fontana  Police Officers' DOES 1 through 10 conduct and actions herein, including but not limited to their decision(s) to approach, stop and seize KEVIN SAUL REYES PORTILLO, at his door step without notification,  the manner in which they conducted that stop and seizure, their failure to communicate with Plaintiffs VERONICA MARIE PORTILLO or other witnesses, at the scene, their use of force, their use of deadly force, and their other conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the wrongful death of KEVIN SAUL REYES PORTILLO.

31.    At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

32.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

a.    Wrongful death of KEVIN SAUL REYES PORTILLO;

b.    Hospital and medical expenses;

c.    Coroner's fees, funeral and burial expenses;

d.    Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

e.    Loss of economic support;

f.      Violation of constitutional rights;

g.      All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

h.      KEVIN SAUL REYES PORTILLO's loss of life, pursuant to federal civil rights law;

i.      KEVIN SAUL REYES PORTILLO's conscious pain and suffering, pursuant to federal civil rights law;

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

**(By L.R.P. Against SAL GONZALEZ #1515  and DOES 1-5)**

Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. Defendants SAL GONZALEZ #1515  and DOES 1-5 caused Decedent to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  These defendants detained Decedent without reasonable articulable suspicion, arrested him without a warrant or probable cause, and seized him in an unreasonable manner.

34. Officer SAL GONZALEZ #1515  and DOES 1-5 also unreasonably denied Decedent any visitation while he was in the hospital at Kaiser Hospital, including from his mother Plaintiff ROSA PORTILLO and his wife VERONICA MARIE PORTILLO, and such denial was neither narrowly tailored to accomplish a substantial government interest, nor reasonably related to any legitimate safety or

disciplinary concern.  The denial of visitation also violated Decedent's First Amendment right to freedom of familial association.

35. As a result of the conduct of Officer SAL GONZALEZ #1515  and DOES 1-5 they are liable for Decedent's injuries, either because they were integral participants in the unreasonable detention and arrest, or because they failed to intervene to prevent these violations.

36. The conduct of SAL GONZALEZ #1515  and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for Decedent's rights and safety, and therefore warrants the imposition of exemplary and punitive damages.

37. L.R.P. seeks survival damages under this claim as a successor-in-interest to Decedent.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force  (42 U.S.C. § 1983)
### (By L.R.P. Against SAL GONZALEZ #1515  and DOES 1-5)

Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

38. The unreasonable use of force by Officer SAL GONZALEZ #1515  and DOES 1-5, including shooting a firearm at Decedent while in his own home, without advance warning, deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. All unreasonable seizures that preceded the shooting constituted reckless and intentional escalations of the situation which directly led to the shooting, therefore rendering Officer SAL GONZALEZ #1515  and DOES 1-5 liable under an excessive escalation theory.

40. Officer SAL GONZALEZ #1515  and DOES 1-5 are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

41. As a result, Decedent suffered extreme pain and suffering, incurred medical expenses, and eventually lost his life and the enjoyment of his life.

42. The conduct of Officer SAL GONZALEZ #1515  and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for Decedent's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

43. L.R.P. seeks survival damages under this claim as a successor-in-interest to Decedent.

### THIRD CLAIM FOR RELIEF

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

**(By VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO Against SAL GONZALEZ #1515  and DOES 1-5)**

Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

44. Plaintiffs VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their husband, father and son, Decedent.

45. As a result of the excessive force by Officer SAL GONZALEZ #1515  and DOES 1-5, Decedent lost his life.

46. The aforementioned actions of Officer SAL GONZALEZ #1515  and DOES 1-5, along with other undiscovered conduct, shocks the conscience, in that they acted with deliberate indifference to the constitutional rights and safety of

Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

47. Officer SAL GONZALEZ #1515  and DOES 1-5 also unreasonably denied Decedent any visitation while he was in the hospital, including from his mother Plaintiff ROSA PORTILLO and wife, VERONICA MARIE PORTILLO, and such denial was neither narrowly tailored to accomplish a substantial government interest, nor reasonably related to any legitimate safety or disciplinary concern.  The denial of visitation also violated VERONICA MARIE PORTILLO and ROSA PORTILLO's First Amendment right to freedom of familial association.

48. Defendants SAL GONZALEZ #1515  and DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO to be free from unwarranted interference with their familial relationship with their father and son, Decedent.

49. As a direct and proximate cause of the acts of SAL GONZALEZ #1515 and DOES 1-5, VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO suffered emotional distress, mental anguish, and pain.  VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO have also been deprived of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, support, training, and guidance, and will continue to be so deprived for the remainder of their lives.

50. VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO seek wrongful death damages under this claim in their individual capacities.  VERONICA MARIE PORTILLO and ROSA PORTILLO also seeks damages for being denied visitation with Decedent while he was dying in the hospital.

51. The conduct of SAL GONZALEZ #1515  and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

Decedent, VERONICA MARIE PORTILLO, L.R.P., and ROSA PORTILLO, and therefore warrants the imposition of exemplary and punitive damages.

### FOURTH CLAIM FOR RELIEF

**Municipal and Supervisory Liability (42 U.S.C. § 1983)**

**(By VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO Against CITY OF FONTANA, DORSEY, and DOES 6-10)**

Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

52. On and for some time prior to May 25, 2025 (and continuing to the present date), Defendants CITY, DORSEY, and DOES 6-10 deprived Decedent, VERONICA MARIE PORTILLO, L.R.P., and ROSA PORTILLO of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general, and of Decedent, VERONICA MARIE PORTILLO, L.R.P., and ROSA PORTILLO, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official custom, policy, and practice of:

> (a) employing and retaining as police officers and other personnel, including SAL GONZALEZ #1515 and DOES 1-5, who Defendants CITY and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies and constitutional mandates regarding unreasonable seizures;

> (b) condoning and fostering unreasonable seizures by inadequately supervising, training, controlling, assigning, and disciplining

CITY police officers, and other personnel, including SAL
GONZALEZ #1515  and DOES 1-5, who Defendants CITY and
DOES 6-10 each knew or in the exercise of reasonable care should
have known had the aforementioned propensities and character
traits;

(c)     maintaining grossly inadequate procedures for reporting,
supervising, investigating, reviewing, disciplining and controlling
the intentional misconduct by Defendants SAL GONZALEZ
#1515  and DOES 1-5 who are CITY police officers;

(d)     failing to adequately train officers regarding unreasonable
seizures, including Defendants SAL GONZALEZ #1515  and
DOES 1-5, and failing to institute appropriate policies, including
constitutional procedures and practices for the use of deadly force
; and

(e)     detaining and arresting individuals without probable cause or
reasonable suspicion, preventing family from visiting detainee
victims of officer-involved shootings in the hospital, conducting
vehicle pursuits in an unreasonable manner, and using excessive
force and force that shocks the conscience, including the use of
deadly force, which also is demonstrated by inadequate training
and ratification regarding these subjects.

53. Defendants CITY, DORSEY, and DOES 6-10, together with various other
officials, whether named or unnamed, had either actual or constructive knowledge of
the deficient policies, practices and customs alleged in the paragraphs above.  Despite
having knowledge as stated above these defendants condoned, tolerated and through
actions and inactions thereby ratified such policies.  Said defendants also acted with
deliberate indifference to the foreseeable effects and consequences of these policies

1  with respect to the constitutional rights of Decedent, VERONICA MARIE

2  PORTILLO, L.R.P., and ROSA PORTILLO, and other individuals similarly situated.

3      54. By perpetrating, sanctioning, tolerating and ratifying the outrageous

4  conduct and other wrongful acts, Defendants CITY, DORSEY, and DOES 6-10 acted

5  with an intentional, reckless, and callous disregard for the safety and constitutional

6  rights of Decedent, VERONICA MARIE PORTILLO, L.R.P., and ROSA

7  PORTILLO.  Defendants CITY, DORSEY, and DOES 6-10 and each of their actions

8  were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and

9  unconscionable to any person of normal sensibilities.

10      55. By reason of the aforementioned policies and practices of Defendants

11  CITY, DORSEY, and DOES 6-10, Decedent, VERONICA MARIE PORTILLO,

12  L.R.P., and ROSA PORTILLO suffered serious injuries and other harm.

13      56. The policies, practices, and customs implemented and maintained and still

14  tolerated by CITY, DORSEY, and DOES 6-10 were affirmatively linked to and were

15  a significantly influential force behind the injuries of Decedent, VERONICA MARIE

16  PORTILLO, L.R.P., and ROSA PORTILLO.

17      57. The conduct of DORSEY and DOES 6-10 was malicious, wanton,

18  oppressive, and accomplished with a conscious disregard for Decedent's rights,

19  entitling VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO to an

20  award of exemplary and punitive damages.

21      58. VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO seek

22  wrongful death damages under this claim in their individual capacities.  L.R.P. also

23  seeks survival damages under this claim as a successor-in-interest to Decedent.

24

25

26

27

28

# FIFTH CLAIM FOR RELIEF

## Battery

### (By  L.R.P.  Against CITY, SAL GONZALEZ #1515  and DOES 1-5)

Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

59. Officer SAL GONZALEZ #1515  and DOES 1-5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used force against Decedent, including but not limited to shooting him with handguns.  SAL GONZALEZ #1515  and DOES 1-5 had no legal justification for using force against Decedent, and their use of force while carrying out their police duties was unreasonable.

60. Decedent suffered harm and died, and L.R.P. suffered harm, as a direct and proximate result of the conduct of SAL GONZALEZ #1515  and DOES 1-5 as alleged above.

61. CITY is vicariously liable for the wrongful acts of SAL GONZALEZ #1515  and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

62. The conduct of SAL GONZALEZ #1515  and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling L.R.P. to an award of exemplary and punitive damages.

63. L.R.P. seeks wrongful death damages under this claim in her individual capacity.  L.R.P. also seeks survival damages under this claim as a successor-in-interest to Decedent.

## SIXTH CLAIM FOR RELIEF

### Negligence

### (By VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO Against CITY, SAL GONZALEZ #1515, DORSEY, DOES 1-10)

Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

64. The actions and inactions of CITY employees, including  SAL GONZALEZ #1515 , DORSEY,  and DOES 1-10 were negligent and reckless, including but not limited to:

    (a)   the failure to properly and adequately assess the need to detain, arrest, and use force against Decedent;

    (b)   the failure to train, monitor and record any use of force by CITY Police Officers, including SAL GONZALEZ #1515  and DOES 1-5;

    (c)   the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including SAL GONZALEZ #1515  and DOES 1-5;

    (d)   the negligent tactics and handling of the incident;

    (e)   the negligent detention, arrest, and use of force against Decedent;

    (f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect Decedent's rights;

    (g)   preventing VERONICA MARIE PORTILLO and ROSA PORTILLO from visiting Decedent in the hospital;

    (h)   the negligent handling of evidence and witnesses; and

    (i)   the negligent communication of information during the incident.

65. Decedent suffered harm and died, and VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO suffered harm, as a direct and proximate result of CITY employees' conduct as alleged above.

66. CITY is vicariously liable for the wrongful acts of its employees, including SAL GONZALEZ #1515 , DORSEY, and DOES 1-10, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67. The conduct of CITY employees, including SAL GONZALEZ #1515, DORSEY,  and DOES 1-10, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, VERONICA MARIE PORTILLO, L.R.P., and ROSA PORTILLO, entitling them to an award of exemplary and punitive damages.

68. L.R.P. seeks wrongful death damages under this claim in her individual capacity.  L.R.P. also seeks survival damages under this claim as a successor-in-interest to Decedent.  VERONICA MARIE PORTILLO and ROSA PORTILLO also seeks damages for being denied visitation with Decedent while he was dying in the hospital.

## SEVENTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (By L.R.P. Against CITY, SAL GONZALEZ #1515  and DOES 1-5)

Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

69. SAL GONZALEZ #1515  and DOES 1-5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally deprived Decedent of his freedom of movement by use of force,

threats of force, menace, fraud, deceit, and unreasonable duress.  SAL GONZALEZ #1515  and DOES 1-5, detained and arrested Decedent without reasonable suspicion or probable cause.

70. Decedent did not knowingly or voluntarily consent.

71. The conduct of SAL GONZALEZ #1515  and DOES 1-5 was a substantial factor in causing Decedent's harm.

72. CITY is vicariously liable for the wrongful acts of SAL GONZALEZ #1515  and DOES 1-5, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73. The conduct of SAL GONZALEZ #1515  and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling L.R.P. to an award of exemplary and punitive damages.

74. L.R.P. seeks wrongful death damages under this claim in her individual capacity.  L.R.P. also seeks survival damages under this claim as a successor-in-interest to Decedent.

## EIGHTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civ. Code § 52.1)

### (By VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO Against CITY, SAL GONZALEZ #1515  and DOES 1-5)

Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

75. SAL GONZALEZ #1515  and DOES 1-5 attempted to interfere with and interfered with the rights of Decedent, VERONICA MARIE PORTILLO, L.R.P., and ROSA PORTILLO of free speech, free expression, free assembly, due process, and to

be free from unreasonable search and seizure, by threatening and committing violent acts;

76. Decedent VERONICA MARIE PORTILLO, and ROSA PORTILLO reasonably believed that if they exercised their rights of free speech, free expression, free assembly, free association, due process, and to be free from unreasonable search and seizure, SAL GONZALEZ #1515  and DOES 1-5 would commit violence against them.

77. SAL GONZALEZ #1515  and DOES 1-5 injured Decedent, VERONICA MARIE PORTILLO, L.R.P., and ROSA PORTILLO to prevent them from exercising their rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against them for having exercised their rights of free speech, free expression, free assembly, free association, due process, and to be free from unreasonable search and seizure.

78. The conduct of SAL GONZALEZ #1515  and DOES 1-5 was a substantial factor in causing harm to Decedent, L.R.P., and ROSA PORTILLO.

79. CITY is vicariously liable for the wrongful acts of SAL GONZALEZ #1515  and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80. The conduct of SAL GONZALEZ #1515  and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, L.R.P., and ROSA PORTILLO, entitling VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO to an award of exemplary and punitive damages.

81. VERONICA MARIE PORTILLO, L.R.P. and ROSA PORTILLO seek wrongful death damages under this claim in their individual capacities.  L.R.P. also

seeks survival damages under this claim as a successor-in-interest to Decedent. VERONICA MARIE PORTILLO and ROSA PORTILLO also seeks damages for being denied visitation with Decedent while he was dying in the hospital.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request entry of judgment in their favor and against Defendants as follows:

A.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;

B.  For funeral and burial expenses, and loss of financial support;

C.  For punitive damages in an amount to be proven at trial (against the individual defendants only);

D.  For interest;

E.  For an award of reasonable attorneys' fees under federal and state law, including a multiplier and litigation expenses;

F.  For costs of suit; and

G.  For any other equitable or legal relief that the Court deems just, proper, and appropriate.

DATED: December 8, 2025          **CURD, GALINDO & SMITH, LLP**

*/s/ Alexis Galindo*
Alexis Galindo
Attorneys for Plaintiffs

//
//
//

## **JURY DEMAND**

Plaintiffs hereby request a trial by jury.

DATED: December 8, 2025          **CURD, GALINDO & SMITH, LLP**

  */s/ Alexis Galindo*
Alexis Galindo
Attorneys for Plaintiffs

ALEXIS GALINDO (SBN 136643)
 Email: agalindo@cgsattys.com
MAXIMILIANO GALINDO (SBN 328187)
 Email: mgalindo@cgsattys.com
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:    (562) 624-1178
www.cgsattys.com

ATTORNEYS FOR PLAINTIFFS:

VERONICA PORTILLO, Individually and as Successor in Interest for decedent,
KEVIN PORTILLO.

| VERONICA PORTILLO, Individually and as Successor in Interest for decedent, KEVIN PORTILLO. | ) ) ) | Case No.: |
|---|---|---|
| | ) ) | **CCP § 377.32 STATEMENT** |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| CITY OF FONTANA , and DOES 1 through 10. | ) ) ) | |
| Defendants | ) ) ) ) | |

Pursuant to CCP § 377.32, VERONICA PORTILLO, decedent's spouse

and mother of L.R.P., a minor, declares under penalty of perjury the following:

1.      The decedent's name is KEVIN SAUL REYES PORTILLO.

2.      ~~The date and place of the decedent's death:  May 25, 2025, Fontana,~~

California.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

3.     No proceeding is now pending in California for administration of the decedent's estate.

4.     The declarant and L.R.P. are decedent's successor in interest (as defined in Section

377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.

5.     The declarant and L.R.P. are authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding.

6.     No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

The declarant declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 12.8.25

_____
VERONICA PORTILLO

Submitted by:

CURD, GALINDO & SMITH, LLP

DATED: 12/9/25

_____
ALEXIS GALINDO
Attorneys for Plaintiffs

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

2

CCP § 377.32 STATEMENT

# COUNTY of SAN BERNARDINO

## DEPARTMENT OF PUBLIC HEALTH

451 E. VANDERBILT WAY, SAN BERNARDINO, CA 92408

3052025123561

**CERTIFICATE OF DEATH**

3202536006715

| NAME OF DECEDENT—FIRST NAME | MIDDLE | LAST NAME |
|---|---|---|
| KEVIN | SAUL | REYES PORTILLO |

| SEX | DATE OF BIRTH | AGE | DATE OF DEATH | HOUR |
|---|---|---|---|---|
| | CA | 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 | YES ☐ NO ☒ UNK ☐ | MARRIED | 05/25/2025 | 0144 |

11/20/1993 — 31

EDUCATION: SOME COLLEGE ☒ — LATINO ☐ NO — HONDURAN

USUAL OCCUPATION: INSPECTOR — WELDING — 15

9151 DATE STREET APT 17

| CITY | COUNTY/PROVINCE | ZIP CODE | YEARS IN COUNTY | STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| FONTANA | SAN BERNARDINO | 92335 | 24 | CA |

INFORMANT'S NAME: VERONICA MARIE PORTILLO, WIFE — 9151 DATE STREET APT 17, FONTANA, CA 12335

| NAME OF SURVIVING SPOUSE—FIRST | MIDDLE | LAST (BIRTH NAME) |
|---|---|---|
| VERONICA | MARIE | MACIAS |
| NAME OF FATHER—FIRST | MIDDLE | LAST NAME | BIRTH STATE |
| SAUL | EDGARDO | REYES | HONDURAS |
| NAME OF MOTHER—FIRST | MIDDLE | LAST (BIRTH NAME) | BIRTH STATE |
| ROSA | HAYDEE | PORTILLO | HONDURAS |

| DISPOSITION DATE | PLACE OF FINAL DISPOSITION | | |
|---|---|---|---|
| 06/16/2025 | OUR LADY QUEEN OF PEACE, 3510 E. WASHINGTON STREET, COLTON, CA 92324 | | |

| TYPE OF DISPOSITION | SIGNATURE OF EMBALMER | | |
|---|---|---|---|
| BURIAL | ▶ GREGORY ANGON MACIAS | 56 | EMB6110 |

| NAME OF FUNERAL ESTABLISHMENT | LICENSE NUMBER | SIGNATURE OF LOCAL REGISTRAR | DATE |
|---|---|---|---|
| INGOLD FUNERAL & CREMATION | FD821 | ▶ SHARON WANG, DO | 06/16/2025 |

KAISER FOUNDATION HOSPITAL FONTANA

| COUNTY | FACILITY ADDRESS OR LOCATION | CITY |
|---|---|---|
| SAN BERNARDINO | 9961 SIERRA AVE | FONTANA |

CAUSE OF DEATH

IMMEDIATE CAUSE ▶ MULTIPLE GUNSHOT WOUNDS

| | MINS | 702503885 |

NONE

NO

HOME

SHOT DURING LAW ENFORCEMENT INTERVENTION

9151 DATE STREET, FONTANA, CA 92335

ANA BARRIOS FLORES — ANA BARRIOS FLORES, DEP CORONER

CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JUN 12 2025